Opinion by
Henderson, J.,
The court withdrew from the jury consideration of all of the questions raised by the statement of claim and the evidence, except two: (1) was the defendant’s employee negligent in giving the plaintiff a bad start in sending him down the slide; (2) was the plaintiff chargeable with contributory negligence. The complaint on this appeal is that the court did not give binding instructions for the defendant. We have given attentive consideration to the testimony and to the able argument of the appellant’s counsel but are not persuaded that such instruction could have been given with propriety. The slide was a device for the amusement of those using it. The public was invited to make the descent on it and paid for the privilege of so doing. It did not work automatically and the company recognized the necessity for some supervision. An employee was therefore present at the top of the slide to give directions and assist the patrons in getting a proper start. The allegation of the plaintiff is that when he sat down on the rug the defendant’s employee so started him as to throw him on his side and into a position which made it impossible to control himself in going down. The plaintiff says "He [the man in charge] pushed me and as he *428 pushed me he twisted me so that the left side went down first.” The effect of this was that he went over to the extreme left of the slide and thought he was going off it. The descent was very rapid, and the plaintiff claims he was unable to adjust himself so that he could light on his feet squarely at the bottom and that as a consequence of this faulty start he sustained a fracture of his ankle. Whether his injury resulted from the cause alleged was for the jury to say under all of the evidence. When the defendant undertook to render assistance to persons using the' slide it was bound to exercise care according to the circumstances. The plaintiff and all others using it had a right to assume that the person managing the device was competent and careful and that they would be aided in, rather than prevented from, making a safe descent. There may have been more or less risk in this kind of sport, but it is indulged in by very many persons at all such places and generally with entire safety. The defendant’s employee is presumed to have known better than strangers what risks there were and to have used care in view of such knowledge. If the plaintiff received an unusual start and one which caused him to lose his equilibrium and the control of his position in the slide and was injured as a result of such act on the part of the defendant’s servant we cannot say that the case was free from evidence of negligence. The case was well tried by the learned judge of the court below and we agree with him that it was one for the jury.
Judgment affirmed.